Good morning, I'm Gabe Galloway. I represent Arlesta Harris. Pro bono in this appeal. May it please the court and my colleague who opposes me today. This appeal has one simple question we have to ask us. How far do courts go when an indigent pro se litigant makes a mistake? Why don't we frame the mistake? The issue appears to be, which you can see, that the petition for review was filed more than 20 days after the commission's decision was issued, correct? That's not in dispute, is it? It's not in dispute that Arlesta filed the petition late. Right. I wanted to get that out as a threshold matter. That's not an issue. It was filed late. The question is what to do about it, correct? Exactly. Exactly. So knowing that jurisdiction could not be conferred on the courts by stipulation, by agreement, how do we have jurisdiction? Let me make sure I understand your question. Since jurisdiction is a statutory matter here, how could a judge get around that? How could a panel get around that? Is that what you're asking? I would humbly suggest you can't get around that unless, I mean, we were to relax some kind of jurisdictional rules. I mean, the rule is clear. If it's not filed in 20 days, if you and counsel both agreed, you recognize that you could not confer jurisdiction on this court. Yes. Okay. So how do we have jurisdiction? What allows us to have jurisdiction in this case? Let me make sure I understand your question. Are you asking me how this particular court? No, how does the circuit court have jurisdiction? We know how we have jurisdiction. Okay. Okay. Circuit court jurisdiction when the petition review was filed more than 20 days after the commission's decision was issued. You are, you're right that it would have to be, a rule would have to be relaxed. You're right. It's not a rule, it's jurisdictional. You know, either there's jurisdiction or there isn't. It's kind of like being pregnant. Either you are or you aren't. Either we have jurisdiction or we don't. I totally agree. Either the circuit court has jurisdiction or it doesn't. Yes. We have no ability to vest the circuit court with jurisdiction where none exists. We can't invent rules to give them jurisdiction. Well, what I can say to that, and I hope this satisfies you somewhat, is that in my research I found, at least it appeared to me, that there are many states where this, that where pro se litigants are given the, are forgiven when they file pleadings. Or whatever, late. And I don't, I don't know, I appreciate your concern, and I'm not sure how much I can give you on how that can be possible when a statute provides, you know, in this situation that we're talking about. Well, that's why we're asking you, you need to come up with some legitimate, legal, creative way that would say the circuit court to establish that the circuit court had jurisdiction in the first place, the decision of which you are appealing from. I'm a little bit intrigued, but perplexed. You're saying that whilst a lot of states apparently have relaxed jurisdictional rules for pro se litigants, isn't the law in Illinois the opposite? Yes. And I, and I am very clear about that in my brief because I don't want to appear to be trying to mislead anybody. The only argument I can offer, I wish I had, I wish I had Illinois cases that were on my side. The only argument I can offer in this scenario is, is to, is to try to impress the court that, that there's, that it's good public policy to, to give leeway to pro se indigents for the same reason why they would be, in any scenario where they were given leeway, because they're not trained lawyers, they don't have the same materials and wherewithal that counseled litigants have. What is your name again? My name? My name is Gabe Galloway. Gabe Galloway? Yes. Have you entered your appearance for this, in this case? Well, I... Have you or have you? I don't believe I filed an appearance. I believe I... What, what did you do in appearance? I filed a brief. I'm not sure. I, I may have filed an appearance. I may have consulted with the clerk's office and... Did you file the appellant's brief? Yes, I did. While you're pontificating answering that question, but here is the issue that I see that presents a problem. If we were to relax the jurisdictional requirements for pro se litigants who don't have attorneys, then we're creating two separate sets of rules and laws for those that have attorneys and those that are pro se. Don't you see that as being somewhere problematic in the operation of the court system? I, I don't know if it, I don't know how much problem it would present. We recognize the case law is against you on that in Illinois. Yes. So you're asking us to depart from this body of precedent and create new rules based on this case. Yes, yes. I'm a little bit intrigued and perplexed, counsel, because I, I think you perhaps are overlooking what could be ostensibly your better argument. As I understand it, the claimant's motion to vacate acknowledges that the notice went to the attorney first. Yes, it did. Did not go to the claimant, correct? That is correct. It may be a losing argument, but isn't that something you could be arguing? I could be arguing that, and I believe I, I addressed this in my brief somewhat, that I could argue that Arlesta did not receive actual notice at the time that this was delivered to her previous attorneys and that perhaps there could be a rule that we use about, that addresses actual notice, maybe 20 days. Would you believe that the law is against you on that issue as well? Notice to the attorney is imputed to the claimant. Did you know that? Yes, I, I, I do believe that that is the law, and that's your own. Wouldn't you want to go after whether there existed an attorney-client relationship at the time this alleged attorney received the decision? Should I be arguing that there was not an attorney-client relationship at that time? Well, given the state of the decisional law that says notice to the, your attorney is notice to you, the client. Yes, and the reason why I'm not arguing that, you know, that there was no relationship at that time is that, as I understand it, there was a relationship at that time. Well, then you can't, you can't argue the facts that don't exist. I agree, and that's why I didn't oppose it. Your opponent has cited Supreme Court authority that stands for the proposition that failure to file within the 20-day period deprives the Circuit Court of Jurisdiction to review the decision. How could we rule in any other way? I, I understand the kind of weight that my argument carries, and that it's not a lot of weight. I, I say, do say in my brief that I understand which way the Illinois cases go, and that for Oresta's ability to preserve this in case she has the opportunity to seek further review, I don't want to waive the argument that there should be leeway for pro se indigence. Well, if you're going to be intellectually honest, what you're saying is, in essence, is you recognize the law is against you. You're not arguing it's not. You're saying basically we should depart from existing precedent and create an exception to the heretofore existing law. Is that, in essence, what you're asking us to do? If the law is against you, what else can you argue? I, I think you're right. I don't, I don't know. I mean, I know the law is against Oresta on this point, and I guess what I think is, and I hope I'm being candid enough for you, is that I think there's good reason why that rule should be different. What's the good reason? That, that oftentimes pro se indigent litigants don't fully understand the court system the way the trained attorneys do, or the sophisticated litigants that resort to attorneys on a regular basis. Well, in a tort case, medical malpractice, somebody operates on somebody that isn't even a medical doctor. Do we lower the standard? I'm sorry. I didn't, I didn't hear you. I don't understand this. The court has already said pro ses have to follow the rules just like anyone else. Yes. And I was giving an analogy, perhaps not a good one, to a tort case, a medical malpractice case. I mean, there are certain standards. You don't get a defense saying, oh, I'm not a licensed doctor, and so I didn't know what the right leg was or the left leg was, and I cut off the wrong leg. Or I'm not a licensed attorney. We don't make excuses under the law. I don't know why we do in the law and in the courts. I think that's the side that has prevailed in our jurisprudence to this point. Counsel, why don't you sit down, and we'll hear from your opponent, and we'll give you a short time for rebuttal. Thank you for hearing me today. You're welcome. May it please the Court, Counsel, I'm Peter Stavropoulos on behalf of Proviso East. Your question is well-founded, Your Honor, that there is nothing here that allows the circuit court to have jurisdiction over this matter. In getting to the points that were raised by the justices here, I think that the argument that the rules should be different for a pro se indigent litigant might be stronger if she weren't the one who ultimately filed the writ. She didn't take that time to go find a lawyer to do something she wasn't able to do. She was able to do it. She just didn't do it in time. And she had 20 days. She took 22. As pointed out, the Illinois Supreme Court has found that that's a strict standard. There's no lax to be given to anybody. And your point on the hardship on the court, I think, is a good one. How much extra time does a pro se litigant get? What if they're represented at the time notice was given here, but then they become pro se during that period? Does that affect how much extra time they get? That's a slippery slope. There would be some chaos, would it not, in litigation? I would think so. Can I ask a question? Sure. Why didn't you move to dismiss this case? Why did I? Why didn't you? I did. Oh, here today? No, why didn't you file a motion to dismiss it? We did before the circuit court. That's why the case was dismissed. No, no. Why didn't you file? Okay. All right. I understand. So the case was litigated before the arbitrator and then the commission. And after the zero award, then Ms. Harris attempted to file a writ and did so two days late. And we filed our motion to dismiss her writ before the circuit court. And that's how the circuit court ultimately dismissed the case. So today you're urging us not to revisit that well-established body of precedent and change the law in pro se litigants. Is that correct? Yes, Your Honor. Thank you. Thank you. Have a short rebuttal, please. I have no further remarks for the court. I just ask, I would just thank you for hearing me as I represented this pro bono case. Thank you, counsel. The court will take the matter under advisement for disposition. Clerk, please call the roll.